IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| LAMAR HOWARD JEFFRIES, | ) | |
| | ) | |
| Plaintiff, | ) | Civil No. 05-1851-JO |
| | ) | |
| v. | ) | <u>OPINION AND ORDER</u> |
| | ) | |
| SNAKE RIVER CORRECTIONS - OREGON; et al., | ) ) | |
| | ) | |
| Defendants. | ) | |

Lamar H. Jeffries
Reg. No. 10426861
Snake River Correctional Institution
777 Stanton Boulevard
Ontario, OR  97914

  Plaintiff Pro Se

Jacqueline Sadker
DEPARTMENT OF JUSTICE
1162 Court Street N.E.
Salem, OR  97301

  Attorney for Defendants

JONES, Judge:

This case is before the court on defendants' "Unenumerated 12B Motion to Dismiss - Failure to Exhaust" (# 58). By this motion, defendants seek dismissal of pro se prisoner plaintiff's only remaining section 1983 claim. See Jeffries v. Snake River Corrections-Oregon, et al., CV No. 05-1851-JO (Order to Dismiss, Feb. 13, 2006)(# 10 -- dismissing all claims but First Amendment claim pertaining to mail handling). For the reasons stated, defendants' motion is denied.

42 U.S.C. § 1997e(a), which governs exhaustion of administrative remedies under the Prison Litigation Reform Act ("PLRA"), provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." The "PLRA exhaustion requirement requires proper exhaustion," Woodford v. Ngo, 126 S.Ct. 2378, 2387 (2006), meaning that a prisoner must complete the administrative review process in accordance with the applicable procedural rules as a precondition to bringing suit in federal court. See generally Brown v. Valoff, 422 F.3d 926, 934-36 (9th Cir. 2004). If a district court concludes that a prisoner has not exhausted all available administrative remedies, the proper remedy is to dismiss the claim without prejudice. Wyatt v. Terhune, 315 F.3d 1108, 1120 (9th Cir. 2003).

In the Ninth Circuit, the failure to exhaust administrative remedies under the PLRA is "treated as a matter in abatement and is properly raised in an unenumerated Rule 12(b) motion," as defendants have done here. See Wyatt, 315 F.3d at 1119. Of central importance, however, is

that "§ 1997e(a) is an affirmative defense" and "defendants have the burden of raising and proving the absence of exhaustion." Brown, 422 F.3d at 936-37.

The evidence in this case establishes that plaintiff understood and used the available grievance process. The issue is whether in his second and final grievance appeal plaintiff raised the claim he asserts in this case, that defendants violated his First Amendment rights by denying him certain pieces of mail.

Based on the record, I conclude that defendants have not proved their affirmative defense of non-exhaustion. Plaintiff asserts, and there is some supporting evidence on this point (Attachment I to plaintiff's supplemental and amended supplemental responses), that he attached his "Notice of Tort" to his second and final grievance appeal and referenced this Notice in the body of the formal grievance. The Notice (Attachment 4 to plaintiff's response) contains language detailing plaintiff's complaints regarding the handling of Ms. Hartman's mail. As some courts have recognized, the content of a prisoner's grievance is adequate for purposes of exhaustion if it "gave prison officials fair notice of the alleged mistreatment or misconduct that forms the basis of the constitutional or statutory claim made against a defendant in the prisoner's complaint." Bell v. Konteh, 450 F.3d 651, 654 (6th Cir. 2006)(internal quotations and citation omitted)(explaining that this "relaxed standard is consistent with the general practice of liberally construing pro se prisoners' filings." (citing, e.g., McNeil v. United States, 508 U.S. 106, 113 (1993)).

Defendants have not controverted plaintiff's evidence that they received his Notice of Tort as part of the second grievance appeal, nor have they denied that the Notice of Tort provided fair notice of plaintiff's allegations concerning the handling of Ms. Hartman's mail.

3 - OPINION AND ORDER

Defendants have thus failed to establish their affirmative defense and their motion to dismiss must be denied.

## CONCLUSION

For the reasons stated above, defendants' Unenumerated 12B Motion to Dismiss (# 58) is DENIED.

DATED this 12th day of January, 2007.

    /s/ Robert E. Jones
ROBERT E. JONES
U.S. District Judge

4 - OPINION AND ORDER